ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | |
| Lifesavers of America Group LLC d/b/a Greenville CPR, | ) | |
| | ) | Civil Action No. 19-CP-23-________ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SUMMONS** |
| | ) | |
| Lifesavers, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

TALLEY LAW FIRM, P.A.

s/ Scott F. Talley

Scott F. Talley
Shannon M. Phillips
134 Oakland Avenue
Spartanburg, South Carolina 29302
864-595-2966

Attorneys for Plaintiff

May 6, 2019

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | |
| Lifesavers of America Group LLC d/b/a Greenville CPR, | ) | |
| | ) | Civil Action No. 19-CP-23-________ |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| Lifesavers, Inc., | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff Lifesavers of America Group LLC d/b/a Greenville CPR (hereinafter "Plaintiff"), and complaining of the Defendant Lifesavers, Inc. (hereinafter "Defendant"), would respectfully show unto the Court:

1. Plaintiff is a limited liability company duly organized and existing pursuant to the laws of the State of South Carolina. Plaintiff is located in the County of Greenville, State of South Carolina.
2. Upon information and belief, Defendant is a limited liability company duly organized and existing pursuant to the laws of the State of New Jersey but conducting business in the State of South Carolina.
3. The parties entered into an agreement whereby Plaintiff would provide certain training and Defendant would provide certain documentation reflecting said training. *See* Ex. A, LifeSavers, Inc. AHA Community Training Center Basic Life Support Independent Instructor Agreement (hereinafter "Agreement").
4. The nexus of relevant events took place in Greenville County, South Carolina such that jurisdiction is appropriate in this Court.

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

5. Plaintiff provided instructor services under the parties' Agreement, while Defendant was responsible for issuing cards showing Plaintiff's students had completed training. *See* Ex. A, Agreement.

6. Defendant failed to issue cards to Plaintiff's students in violation of the Agreement.

7. Defendant terminated the Agreement with Plaintiff, alleging Plaintiff failed to meet its requirements under the Agreement including but not limited to keeping records and making payments to Defendant.

8. In fact, Plaintiff met its requirements under the Agreement.

9. Upon information and belief, Defendant failed to keep appropriate records reflecting Plaintiff's students and payments.

10. Defendant breached the Agreement, causing Plaintiff damages in lost revenue.

11. Defendant's failure to comply with its obligations caused damage to Plaintiff's business and business reputation.

**FOR A FIRST CAUSE OF ACTION**
(Breach of Contract)

12. Plaintiff incorporates herein all allegations in this Complaint.

13. The parties agreed that Defendant would maintain an electronic record of course participants and issue CPR cards to students completing training with Plaintiff. *See* Ex. A, Agreement at ¶ ¶ 3.3, 3.4.

14. Defendant failed to keep appropriate records and issue appropriate documentation in breach of the parties' Agreement.

15. Defendant's breach of the Agreement has caused Plaintiff damages.

**FOR A SECOND CAUSE OF ACTION**
(Fraud)

16. Plaintiff incorporates herein all allegations in this Complaint.

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

17. Defendant intentionally made misrepresentations of material fact to Plaintiff, including that Defendant would keep appropriate records and issue appropriate documentation to Plaintiff's students. *See* Ex. A, Agreement.
18. Defendant had no intention of abiding by its promises to Plaintiff.
19. Defendants knew or should have known these representations were false.
20. Plaintiff did not know Defendant's representations were false.
21. Defendants intended Plaintiff would rely on those representations in inducing Plaintiff to enter into the Agreement, and Plaintiff reasonably relied on those representations.
22. Defendants intentionally failed to keep appropriate records and issue appropriate documentation.
23. Plaintiff agreed to the terms of the Agreement and abided by those terms in reliance on Defendant's representations and has experienced damages as a result.

**FOR A THIRD CAUSE OF ACTION**
(Constructive Fraud)

24. Plaintiff incorporates herein all allegations in this Complaint.
25. Defendant intentionally made false representations of material fact to Plaintiff, including that Defendant would keep appropriate records and issue appropriate documentation to Plaintiff's students.
26. Defendant knew or should have known these representations were false.
27. Defendant intended Plaintiff would rely on those representations in hiring Defendants to secure this performance, and Plaintiff reasonably relied on those representations.
28. Plaintiff did not realize the representations were false.
29. Defendant intentionally failed to keep appropriate records and issue appropriate documentation to Plaintiff's students.

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP232574

30. Plaintiff entered into the Agreement with Defendant in reliance on Defendant's representations and has experienced damages as a result.

**FOR A FOURTH CAUSE OF ACTION**
(Unfair Trade Practices Act Violations)

31. Plaintiff incorporates herein all allegations in this Complaint.

32. Defendant has committed and are continuing to commit unfair or deceptive trade practices in violation of S. C. Code Ann. § 39-5-10 to -160, commonly known as the "Unfair Trade Practices Act."

33. Defendant will continue to use improper methods, including those identified above, to harm Plaintiff and to benefit Defendant.

34. Defendant's activities have occurred in pursuit of a business activity and are therefore in the "stream of commerce" as defined by South Carolina law.

35. Defendant's actions have affected commerce because they adversely and substantially affect business activity.

36. Defendant's actions have an adverse impact on the public interest.

37. Defendant's actions have the potential for repetition.

38. Defendant's actions were performed knowingly, willfully, intentionally and/or maliciously, and constitute unfair and deceptive acts, practices and unfair methods of competition in violation of S.C. Code Ann. § 39-5-10 to -160.

39. Accordingly, pursuant to S.C. Code Ann. § 39-5-140(a), Plaintiff brings this action to recover actual damages.

40. Furthermore, as provided in S.C. Code Ann. § 39-5-140(a), Plaintiff seeks an award of three times actual damages, reasonable attorneys' fees and costs, and any other relief this Court deems necessary and proper.

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

Wherefore, having set forth its complaint, Plaintiff prays that it recover actual, treble, and punitive damages; for attorney's fees and costs, for prejudgment interest, and for such other and further relief as the Court deems just and proper. Plaintiff demands a jury trial.

TALLEY LAW FIRM, P.A.

s/ Scott F. Talley

Scott F. Talley
Shannon M. Phillips
134 Oakland Avenue
Spartanburg, South Carolina 29302
864-595-2966

Attorneys for Plaintiff

May 6, 2019

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

# EXHIBIT A

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

# LifeSavers, Inc. AHA Community Training Center
## *Basic Life Support Independent Instructor* Agreement

This INDEPENDENT INSTRUCTOR AGREEMENT (hereinafter referred to as "Agreement") is made on this 1th day of July, 2016, by LifeSavers, Inc., a New Jersey Corporation with its principal place of business at 39 Plymouth Street, Fairfield, New Jersey 07004 (hereinafter referred to as "Training Center") and Rebecca Gould who resides at 114 Woodhill Ln, Simpsonville, SC 29681 (hereinafter referred to as "Instructor").

WHEREAS, LifeSavers, Inc. is an AHA Community Training Center that has executed an agreement with the American Heart Association to provide BLS training courses to the community. Rebecca Gould desires to become affiliated with LifeSavers, Inc. as an AHA Instructor and to provide Basic Life Support training under the direction of LifeSavers, Inc.. LifeSavers Inc is willing to accept Rebecca Gould as an Independent Instructor of LifeSavers Inc BLS Training Center.

THEREFORE, in consideration of the mutual promises set out herein the parties hereby agree as follows:

**ARTICLE 1: Definitions**

1.1 AHA means American Heart Association.

1.2 BLS means Basic Life Support.

1.3 AHA MATERIALS means all ECC materials published by the AHA, including but not limited to textbooks, instructor's manuals, tests, test answer keys, evaluation forms, newsletters, course completion cards, and course participation cards.

1.4 COURSE CARDS means those cards bearing the AHA Service Marks and ECC logo which Training Centers may distribute to students pursuant to the program guidelines to indicate the student participated or successfully completed a course.

1.5 ECC means Emergency Cardiac Care.

1.6 INSTRUCTOR means any person engaged or authorized by Training Center to teach courses.

1.7 PROGRAM GUIDELINES means the current Guidelines for Cardiopulmonary Resuscitation and Emergency Cardiac Care, International Consensus on Science and the Emergency Cardiovascular Care Program, Program Administration Manual, as they may be amended, updated revised and/or supplemented by the American Heart Association from time to time.

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

**ARTICLE 2: Independent Instructor Responsibilities**

The Independent Instructor must abide by all AHA and Training Center guidelines, including but not limited to:

2.1 Using AHA materials, including Program Guidelines and the curriculum set out in the applicable AHA Instructor's Manuals, as the primary teaching material. (AHA materials may not be reproduced with the exception of rosters, performance check-off sheets (skills sheets) and evaluation forms.)

2.2 Registering all courses with training center prior to course.

2.3 Providing each student with a book prior to the course.

2.4 Complying with all other AHA teaching requirements as noted in the AHA Instructors Manual.

2.5 Allowing only AHA certified Instructors to teach.

2.6 Using instructor to student ratio as defined by AHA guidelines, "bringing in extra instructors if class size grows too large".

2.7 Ensuring that there are an adequate number of manikins to allow all students to practice and perfect skills for check-off on the performance check-off sheets (skills sheets).

2.8 Properly clean all manikins used in teaching, following the manufacturer's guidelines.

2.9 Maintaining class records in an orderly manner. Send rosters and other necessary paperwork to training center within 14 days of class completion.

2.10 Typing or legibly printing class rosters.

2.11 Using performance check-off sheets (skills sheets), rosters and evaluations for each course.

2.12 Adhering to all Training Center policies as defined in the Training Center operating manual and the AHA's Program Administration Manual.

2.13 Allowing the Training Center or designated AHA Regional Faculty, with little or no notice, to enter the premises and evaluate Instructor performance at one or more classes held, and monitor training site performance and compliance with Program Guidelines and AHA curriculum.

2.14 Allowing the Training Center to share Quality Assurance information with AHA representatives, and/or a primary or secondary Training Center, and hold the training center harmless for any damages that may be perceived or otherwise.

2.15 Accepting remediation if deemed necessary by a Regional Faculty member or designee representing either the Training Center or AHA.

2.16 Following the guidelines of the Americans with Disabilities Act.

2.17 Attending instructor renewals and updates and teach utilizing the most current AHA material.

2.18 Not contact Training Center's customers unless authorized to do so by an authorized agent of the Training Center.

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

**ARTICLE 3: Training Center Responsibilities**

The Training Center must:

3.1 Monitor courses by the Instructor to see that they conform to the requirements of the Program Guidelines and the curriculum set by the AHA.

3.2 Supply Course material upon request (as per current price list).

3.3 Process and distribute course CPR Cards (as per current price list).

3.4 Maintain an electronic record of all course participants.

3.5 Provide necessary Instructor updates.

**ARTICLE 4: Relationship of the Parties**

4.1 The Training Center and the Instructor agree that each is an independent business entity and, as such, neither party may represent itself as an employee, agent, or representative of the other.

4.2 Neither party may incur any obligations on behalf of the other party; nor are the parties a joint venture or partners; nor does the relationship created under this Agreement constitute a franchise.

4.3 Instructor is solely responsible for carrying out its responsibilities under this Agreement.

4.4 Instructors are not, and will not be considered employees of Training Center.

**ARTICLE 5: Indemnification**

5.1 Instructor agrees to indemnify, defend, and hold harmless Training Center, its affiliates, officers, employees, volunteers, and/or agents, from and against all claims, damages, liabilities, suits, and expenses (including reasonable attorney's fees) arising out of or in connection with

a. course offered or provided by Instructor, his/her employees or agents;
b. acts or omissions of the instructor; and/or
c. any breach by the Instructor of the terms of this Agreement.

The indemnity set forth above shall apply notwithstanding any alleged or proven negligence (but not gross negligence) on Training Center's part in connection therewith. Notwithstanding the foregoing, this indemnity obligation does not extend to claims arising solely from the science content of any AHA materials when used by Instructor in accordance with the program guidelines.

5.2 Training Center is not liable or responsible for any injuries to Instructor or students attending classes taught by Instructor.

5.3 In no event will training center and/or its affiliates or their officers, employees; volunteers or agents be liable to Instructor for any direct, indirect, special, punitive, consequential or incidental damages.

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

**ARTICLE 6: Term and Termination**

6.1 Subject to the Termination provisions in this Section 6, Instructor's affiliation with Training Center is effective as of July 2016, and will remain in effect for an initial term of twelve (12) months. At the conclusion of any term of this Agreement it will automatically renew for an additional term of twelve (12) months unless either party has given the other party notice at least sixty (60) days in advance of its intent not to renew this Agreement.

6.2 Immediate For Cause. Training Center may terminate the affiliation between the Instructor and the Training Center immediately and with no opportunity to cure in the event of any of the following:

a. Instructor commits any illegal or unethical act in the course of carrying out any of its duties under this Agreement;
b. Instructor fails to pay any amount to training center when due;
c. Instructor becomes insolvent or is the subject of a bankruptcy or other insolvency proceeding;
d. Instructor makes a material misrepresentation in seeking this affiliation, or performing any other responsibilities under this Agreement; or
e. Instructor commits an act which, in the opinion of training center in any way damages the reputation of training center or any of its services.

6.3 For Cause. If either party is in default of any other obligation in this Agreement and fails to cure such default within ten (10) days of written notice from the other party specifying the nature of such default, then the first party may terminate this Agreement by a separate five (5) days notice.

6.4 For Convenience. Either party may terminate this Agreement for convenience upon 60 days notice.

6.5 Effect of Termination. Upon the effective date of termination an Instructor's affiliation with Training Center for any reason, there nothing will be payable by either party except as may be due as a result of prior invoices and these must be paid as they become due. All obligations with respect to confidentiality and other obligations which, by their nature, are continuing will survive the termination of this Agreement. Neither party will be liable to the other for damages of any kind resulting from or caused by said termination, including, but not limited to, damages related to losses through commitments, obligations or leases; loss of investment; present or prospective profits; inability to meet obligations; or any other causes or reasons.

6.6 Non-Compete Clause. In the event that the affiliation between the Instructor and Training Center is terminated, either for cause or convenience, Instructor agrees that he/she shall not open a training center, training site or any other business engaged in medical emergency training, (such as CPR, First Aid, Oxygen and Bloodborne Pathogens courses), within a 90 mile radius of Training Center and for a period of twelve (12) months. Instructor also agrees that he/she will not directly or indirectly solicit Training Center's Instructors or customers.

**ARTICLE 7: General Provisions**

7.1 Binding Effect. Instructor warrants and represents upon execution hereof, this Agreement will be legal, valid and binding obligation of Instructor, enforceable against Instructor in accordance with its terms.

ELECTRONICALLY FILED - 2019 May 06 4:18 PM - GREENVILLE - COMMON PLEAS - CASE#2019CP2302574

7.2 Entire Agreement. This Agreement contains the entire agreement between the parties relating to the rights herein granted and the obligations herein assumed, and supersedes all prior or written or oral agreements or communications between the parties. In the event of any conflict between the terms of the agreement and the terms of the Program Guidelines, the terms of the agreement will prevail.

7.3 Governing Law. This Agreement will be governed by the laws of the State of New Jersey.

7.4 Waiver. No Waiver of any term, provision, or condition of this Agreement, whether by conduct or otherwise, will be deemed to be, or will constitute a waiver of any other provision hereof; nor will such waiver constitute a continuing waiver. No waiver will be binding unless executed in writing by the party making the waiver.

7.5 Notices. All notices, requests, demands and other communications required or permitted hereunder shall be in writing and will be deemed to have been duly given (a) when received by the party to whom directed; or (b) when deposited in the United States mail when sent by certified or registered mail, postage prepaid to LifeSavers, Inc., 39 Plymouth Street, Fairfield, New Jersey 07004.

7.6 Severability. If any part of this agreement is found to be invalid by a court of law, the remaining parts are to remain unaffected.

7.7 Interpretation. Any dispute arising as to the interpretation of any portion of this Agreement must be determined by an arbitrator in accordance with the rules and regulations of the American Arbitration Association. Training Center and Instructor must agree on an arbitrator. If an arbitrator cannot be agreed upon, one will be selected by a court of law.

7.8 Headings – As Guides Only. The headings and subheadings in this Agreement are for convenience only. They are not intended to limit or define the scope of any provision.

IN WITNESS WHEREOF, the Instructor and a duly authorized officer of the Training Center have executed this Agreement.

By signing this Agreement, I acknowledge that I have read and understand this Agreement.

______________________________ Date: July 1, 2016

Rebecca Gould, Instructor

*Robert Stickel* Date: July 1, 2016

Robert Stickel, Training Center Manager
LifeSavers, Inc.

*Revised October 2010*